# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KNARIK POLEYAN,<br><br>                    Petitioner,<br><br>          v.<br><br>ACTING WARDEN OF THE<br>ADELANTO DETENTION CENTER,<br>*et al.*,<br><br>                    Respondents. | Case No. 5:26-cv-02633-DMK<br><br>**ORDER GRANTING HABEAS PETITION AND ORDERING IMMEDIATE RELEASE** |

Petitioner Knarik Poleyan is a national of Armenia and citizen of Russia who was initially detained upon entering the United States on or about August 17, 2022, and subsequently placed on humanitarian parole shortly thereafter.  ECF 1 at ¶¶ 19-22.  On April 8, 2026, Petitioner was arrested and re-detained at a regularly scheduled check-in with Immigration and Customs Enforcement.  *Id.* at ¶¶ 29-34. Petitioner was not presented with any document setting forth the basis for her detention, and she did not receive a pre-deprivation interview where she could confront the facts justifying her detention.  *Id.* at ¶¶ 31-34.

Now, through a counseled habeas petition, Petitioner alleges that her detention violates her rights to substantive and procedural due process under the Fifth Amendment, as well as 8 U.S.C. § 1182(d)(5) and 8 C.F.R. 212.5; that the application of the Laken Riley Act to Petitioner is unlawful and violative of due process; and that there is no source of law that authorizes Respondents to re-detain Petitioner. *See generally* ECF 1.  In their answer to the petition, Respondents state that they "are not presenting an opposition argument at this time," and do not address the substance of either Petitioner's allegations or her claims for relief.[1] ECF 7 at 2.   The Court thus construes the petition as unopposed, and GRANTS the petition.

With respect to the appropriate relief, Respondents assert that the "most" relief that should be granted Petitioner is "a bond hearing to be held before an Immigration Judge under 1226(a)," but they have not advanced any evidence or argument in support thereof.  *See* ECF 7 at 2.  Instead, Respondents "acknowledge" that Petitioner appears to be a member of the bond-eligible class in *Maldonado Bautista v. Santacruz*, 813 F.Supp.3d 1084 (C.D. Cal. Dec. 18, 2025), and is therefore subject to the relief granted to the *Bautista* class.  *Id.*

The Court disagrees.  *Maldonado Bautista* recognized a bond-eligible class of "[a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of

---

[1] "In our adversarial system of adjudication, we follow the principle of party presentation," meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified).  Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief."  Id. at 375–76 (citation modified).  In our adversarial system, the judge does not act as inquisitor, conducting the "legal investigation himself." *McNeil v. Wisconsin*, 501 U.S. 171, 181 n.2 (1991).

2

Homeland Security makes an initial custody determination." *Id.* at 1128.  Here, Petitioner alleges—and Respondents have not disputed—that she applied for admission at the San Ysidro port of entry upon entering the country, and was detained thereafter.  ECF 1 at ¶ 10.  Thus, it does not appear that Petitioner is a member of the *Maldonado Bautista* class.

Based on the undisputed allegations set forth in the Petition, the Court instead concludes that "Petitioner's release is necessary to return [Petitioner] to the status quo." *Nazarian v. Noem*, 2025 U.S. Dist. LEXIS 229051 at *7 (C.D. Cal. Nov. 3, 2025).  And because the status quo is "the last uncontested status which preceded the pending controversy," *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000) (internal quotation marks omitted), Petitioner is entitled to immediate release on conditions of release no more restrictive than those in effect when she was most recently arrested and detained.

The Court also concludes that due process requires notice and a pre-deprivation hearing before Petitioner may be re-detained.  *See, e.g., Perez v. McAleenan*, 435 F. Supp. 3d 1055, 1062 (N.D. Cal. 2020), appeal dismissed sub nom. *Perez v. McAleenan*, 2020 U.S. App. LEXIS 37952 (9th Cir. Dec. 4, 2020) ("Accordingly, this court will join the consensus view among District Courts concluding that . . . where . . . the government seeks to detain an alien pending removal proceedings, it bears the burden of proving that such detention is justified." (internal quotation marks omitted)).  Specifically, the Court concludes that Respondents must show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community, and that no condition or combination of conditions could reasonably assure Petitioner's future appearance and/or the safety of the community.  *See, e.g., Mourey v. Bowen*, 2026 U.S. Dist. LEXIS 34438 at *6 ("If the Government seeks to re-detain Petitioner, he must be provided some kind of hearing before the state deprives him of his liberty. Further, such hearing must be before a neutral arbiter in which the Government bears the burden of

providing by clear and convincing evidence that Petitioner is a flight risk or danger to the community." (internal quotation marks, brackets, and citation omitted)); *Carballo v. Andrews*, 2025 WL 2381464, at \*8 (E.D. Cal. Aug. 15, 2025) ("On balance, the *Mathews* factors show that petitioner is entitled to a bond hearing where the government must prove by clear and convincing evidence that he is presently a flight risk or danger to the community.").

Based on the foregoing, the Court GRANTS the Petition as follows:

(1) Respondents must release Petitioner from custody immediately on conditions of release no more restrictive than those in effect when she was most recently arrested and detained;

(2) Respondents must return any property and paperwork seized from Petitioner in the course of her arrest and detention;

(3) Respondents shall not re-detain Petitioner without providing at least seven (7) days' notice and a pre-deprivation hearing before an Immigration Judge, at which the government bears the burden of proving by clear and convincing evidence that she is a danger to the community or a flight risk, and that no condition or combination of conditions could reasonably assure Petitioner's future appearance and/or the safety of the community; and

(4) Respondents shall file a notice of compliance no later than **June 1, 2026**, regarding their compliance with this Order.

DATED: May 28, 2026

_____
HONORABLE DIANA M. KWOK
UNITED STATES MAGISTRATE JUDGE